UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| JOHN ROBERT BADGER | CIVIL ACTION NO. 22-5451 |
| | SECTION P |
| VS. | |
| | JUDGE TERRY A. DOUGHTY |
| STATE OF LOUISIANA, ET AL. | MAG. JUDGE KAYLA D. MCCLUSKY |

## REPORT AND RECOMMENDATION

Plaintiff John Robert Badger, who proceeds pro se and in forma pauperis, filed this proceeding on approximately September 30, 2022, under 42 U.S.C. § 1983.  He names the following defendants: the State of Louisiana and Judge Walter Caldwell.[1]  For reasons that follow, the Court should dismiss Plaintiff's claims.

### Background

Plaintiff states that on April 20, 2022, at a bond hearing, Judge Caldwell "set [Plaintiff's] bond at $500 for all three of [Plaintiff's] charges."  [doc. # 1, p. 4].  Plaintiff heard a guard state, "they make me sick with this bull crap this is not fair[.] [sic]."  *Id.*  Plaintiff saw Court Officer John Hackens approach the judge, cover his microphone, and converse with the judge for 10-20 seconds.  *Id.*  Plaintiff claims that Judge Caldwell then called Plaintiff back to the microphone and told Plaintiff that he was changing Plaintiff's bond to $7,000.00 for each charge.  *Id.*

Plaintiff also alleges: "Placed in jail on several different occasions and charges are coming from every aspect of Ouachita parish law enforcement. [sic]."  *Id.*

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

Plaintiff seeks: (1) compensation for his damages, lost wages, and loss of school resources; (2) his court hearing publicized; and (3) Judge Caldwell's resignation. *Id.* at 5.

## Law and Analysis

**1. Preliminary Screening**

Because Plaintiff is proceeding in forma pauperis*,* his Complaint is subject to screening under § 1915(e)(2).  Section 1915(e)(2)(B) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  Plausibility does not equate to possibility or probability; it lies somewhere in between.  *Id.*  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra*. A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. The State of Louisiana**

Plaintiff names the State of Louisiana as a defendant. Liability under 42 U.S.C. § 1983

only applies to "person[s]" who deprive others of rights secured by the Constitution. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).[2]  Accordingly, Plaintiff's claims against the State of Louisiana should be dismissed.

### 3. Judicial Immunity

Plaintiff claims that Judge Caldwell increased his bond after speaking with Court Officer John Hackens.

"Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005).  It "applies even when the judge is accused of acting maliciously and corruptly . . . ." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). It "extends to all judicial acts which are not performed in the clear absence of all jurisdiction." *Kemp ex rel. Kemp v. Perkins*, 324 Fed. App'x. 409, 411 (5th Cir. 2009) (*citing Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985)).  There are only two exceptions: (1) non-judicial actions, i.e., actions not taken in the judge's judicial capacity; and (2) lawsuits challenging actions taken in the complete absence of all jurisdiction.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

"In determining whether an action is judicial, a court looks to the nature of the act itself; that is, whether the challenged act is a function normally performed by a judge." *Id.*  Courts consider four factors: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.  *Ballard*, 413

---

[2] "Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State."  *Id.* (internal quotation marks and quoted sources omitted).

F.3d at 515. "These factors are broadly construed in favor of immunity." *Id.* "Immunity may be applied even if one or more of these factors is not met." *Morrison v. Walker*, 704 F. App'x 369, 373 (5th Cir. 2017).

"Immunity is not affected by the alleged magnitude of the judge's errors or the mendacity of his acts." *Stokes v. Ward*, 132 F.3d 1455 (5th Cir. 1997); *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) ("The judge is absolutely immune for all judicial acts not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive.").

Here, Plaintiff does not plausibly allege that Judge Caldwell's actions were "non-judicial." Setting bond is manifestly a normal judicial function. *See Barnes v. Madison*, 79 F. App'x 691, 701 (5th Cir. 2003) (finding that absolute immunity cloaked a judge who set the plaintiff's bond); *Herring v. Mayfield*, 51 F.3d 1043, 1995 WL 153026, at *1 (5th Cir. 1995) ("[S]etting the amount of the bond . . . is within the scope of [the judge's] jurisdiction, thus affording her absolute judicial immunity."). In addition, Plaintiff does not allege that the judge acted outside of the courtroom or appropriate adjunct spaces such as the judge's chambers. Moreover, Plaintiff's claim clearly 'centers around' proceedings before the judge, and nothing indicates that the alleged acts arose outside of a visit to the judge in his official capacity.[3]

Further, Plaintiff does not allege that the judge acted in the complete absence of all jurisdiction. *See* LA. CONST. art. V, § 16 ("[A] district court shall have original jurisdiction of all

---

[3] *See Morrison*, 704 F. App'x at 374 (finding judicial immunity even where the plaintiff failed to offer any allegations relating to three of the four *Ballard* factors); *Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 F. App'x 665, 674 (5th Cir. 2015) ("Avdeef makes no effort to argue that Judge Chupp's actions were 'nonjudicial' in nature or were taken 'in the complete absence of all jurisdiction,' as required to overcome judicial immunity."); *Green v. Mallia*, 400 F. App'x 816, 818 (5th Cir. 2010) (finding immunity where the plaintiffs (1) made "no allegations that [the judge] was acting outside his judicial scope" and (2) failed "to provide reasons why [the judge was] not entitled to judicial immunity.").

civil and criminal matters.").

Accordingly, Judge Caldwell is entitled to absolute judicial immunity with respect to Plaintiff's request for compensatory damages.[4]

**4. Removal from Office**

Plaintiff "wants the judge to resign . . . ." [doc. # 1, p. 5]. To the extent he asks this Court to order Judge Caldwell to resign or to otherwise remove Judge Caldwell from office, the Court lacks authority.

Federal courts are not personnel directors. *See Hurrey v. Unknown TDCJ Corr. Officer A*, 2009 WL 3645638, at *2 (N.D. Tex. Nov. 4, 2009). Moreover, Plaintiff's request sounds in mandamus as he essentially asks the Court to, by writ, compel the non-federal officials (or entities) with the authority to terminate Judge Caldwell's employment to perform their duties. In this respect, the Court lacks jurisdiction.[5] *See  Samuels v. Emanuel*, 2014 WL 50851, at *2 (W.D. La. Jan. 7, 2014) (reasoning, where the plaintiff asked "that the defendants be relieved from their duties[,]" that "federal district court lacks jurisdiction to review actions in the nature of mandamus, seeking to compel state officials to perform duties allegedly owed the plaintiff, as for example in this case . . . .").

Accordingly, the Court should deny this request for relief.

_____

[4] "[J]udges are not entitled to absolute immunity from suit for injunctive or declaratory relief." *Laws. v. Hughes*, 616 F. App'x 200, 201 (5th Cir. 2015). Below, the undersigned addresses Plaintiff's other requests for relief.

[5] "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States* or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added).

**5. Conclusory Allegation**

Plaintiff alleges: "Placed in jail on several different occasions and charges are coming from every aspect of Ouachita parish law enforcement. [sic]."  [doc. # 1, p. 4].

The form on which Plaintiff filed his claims specifically instructed Plaintiff to: "[d]escribe how each defendant was personally involved in the alleged wrongful action[,]" "include further details such as the names of other persons involved[,]" state "the facts underlying your claim(s)[,]" and explain "what happened to you[,]" whether anyone else was involved, and "who did what[.]"  *Id.*

Plaintiff, however, did not fault Judge Caldwell for the ostensible claim above or otherwise identify a responsible defendant.  Moreover, Plaintiff's claim is impermissibly vague and conclusory.  Accordingly, the Court should dismiss this claim.  *See Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 421 (5th Cir. 2017) (dismissing a claim that supervisory officials failed to correctly house the plaintiff because despite the magistrate judge's instruction to "state what each defendant did[,]" the plaintiff did not identify a responsible defendant).[6]

**6. Injunctive Relief**

Plaintiff requests injunctive relief against a state court judge under Section 1983, seeking to publicize his court hearing.[7]  [doc. # 1, p. 5].

---

[6] *See also Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 243 (5th Cir. 2021) ("The court disregards bare assertions of collective responsibility, unsupported by concrete factual allegations."); *Jones v. Hosemann*, 812 F. App'x 235, 238–39 (5th Cir. 2020) ("It is not enough for a plaintiff to simply allege that something unconstitutional happened to him.  The plaintiff must plead that each defendant individually engaged in actions that caused the unconstitutional harm.").

[7] *See* BLACK'S LAW DICTIONARY (11th ed. 2019) ("Injunction") ("A court order commanding or preventing an action."); *Garland v. Aleman Gonzalez*, 2022 WL 2111346, at *4 (U.S. June 13, 2022) (defining an injunction as a "a judicial order that 'tells someone what to do or not to do.'").

Section 1983 states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, <u>except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable</u>." 42 U.S.C. § 1983 (emphasis added).

"Available relief against any defendant judge is limited by a 1996 amendment to Section 1983 'that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.'" *Daves v. Dallas Cnty., Texas*, 22 F.4th 522, 545 (5th Cir. 2022).

Here, Plaintiff does not contend that Judge Caldwell acted outside of his judicial capacity. Nor does Plaintiff contend that a 'declaratory decree was violated' or that 'declaratory relief was unavailable.' Accordingly, 'injunctive relief shall not be granted,' under Section 1983. Because Plaintiff does not seek any other cognizable relief, the Court should dismiss his claims against Judge Caldwell. *See Machetta v. Moren*, 726 F. App'x 219, 220 (5th Cir. 2018) (holding, where a plaintiff was unsatisfied with the outcome of a proceeding in state court, that Section 1983 did "not provide a basis for" the plaintiff "to seek injunctive relief" because the

plaintiff did not allege that a declaratory decree was violated or that declaratory relief was unavailable); *see also James v. Tobolowski*, 517 F. App'x 285, 286 (5th Cir. 2013). [8]

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff John Robert Badger's claims be **DISMISSED** as frivolous, for failing to state claims on which relief may be granted, and for seeking monetary relief from a defendant immune from such relief.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 25th day of October, 2022.

---

[8] Even assuming Plaintiff sought a writ of mandamus—as opposed to relief under Section 1983—this Court would lack subject matter jurisdiction. *See Stewart v. Andrews*, 61 F. App'x 919 (5th Cir. 2003) (ruling, where a mandamus petitioner "sought free photocopies of documents he allegedly needed in order to file a 28 U.S.C. § 2254 petition[,]" that the federal courts lacked subject matter jurisdiction); *Moye v. Clerk, DeKalb Cty. Superior Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973) (holding that federal courts lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought").

_____

Kayla Dye McClusky
United States Magistrate Judge